*Electronically Filed*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| CARA NICHOLS and CYNTHIA MORRIS, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 6:19-cv-00154-KKC |
| FIREBORN ENERGY, LLC | § § § | |
| Defendant. | § § | |

## PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs Cara Nichols and Cynthia Morris (the "Sisters") hereby move the Court pursuant to Rule 56 of the Federal Rules of Civil Procedure to grant summary judgment against Defendant Fireborn Energy, LLC ("Fireborn") on the Sisters' declaratory judgment cause of action and Fireborn's counterclaim.

The evidence presented by the Sisters in their Memorandum In Support establishes that there is no genuine issue of material fact and that the Sisters are entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). As the Sisters have presented the Court with evidence comprised of Fireborn's own communications with the Sisters and deposition testimony, Fireborn cannot meet its burden to "set forth specific facts showing there is a genuine issue for trial" or that would permit a jury to reasonably find in favor of Fireborn. Fed. R. Civ. P. 56(e)(2); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 160 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In this action, the Sisters allege that the Mineral Marketing Agreement ("MMA") executed between the Sisters and Fireborn was properly terminated on November 2, 2018 and, as a result, the Sisters are not liable to Fireborn for any claim or cause of action arising out of the MMA or otherwise, including the commission sought by Fireborn's counterclaim. Alternatively, the Sisters allege that Fireborn breached the MMA and, as a result, Fireborn is not entitled to a commission under the

MMA. There are no genuine issues of material fact in this matter that would prevent the Court from entering judgment in favor of the Sisters.

## CONCLUSION

For the foregoing reasons, the Court should enter judgment in favor of the Sisters and declare the Sisters properly terminated the MMA on November 2, 2018 and, as a result, the Sisters are not liable to Fireborn for any claim or cause of action arising from the MMA, including the commission sought in Fireborn's counterclaim. A Memorandum In Support is filed contemporaneously herewith. Dated: April 13, 2020.

Respectfully submitted,

Daniel H. Charest (admitted *pro hac vice*)
Texas Bar No. 24057803
Morgan Buller (admitted *pro hac vice*)
Texas Bar No. 24109670
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002
dcharest@burnscharest.com
mbuller@burnscharest.com

and

W. Keith Ransdell
David T. Royse
Ransdell Roach & Royse, PLLC
176 Pasadena Drive
Building One
Lexington, Kentucky 40503
Telephone: (859) 276-6262
Facsimile: (859) 276-4500
keith@rrrfirm.com
david@rrrfirm.com

Counsel for Cara Nichols and Cynthia Morris

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing was electronically filed with the Clerk of the Court on April 13, 2020, which will send a notice to all counsel of record through the CM/ECF system.

_____
Daniel H Charest