**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION - LONDON**

| | |
|---|---|
| CARA NICHOLS and CYNTHIA MORRIS, | CIVIL NO. 6:19-154-KKC |
| Plaintiffs, | |
| V. | **OPINION AND ORDER** |
| FIREBORN ENERGY, LLC, | |
| Defendant. | |

*** *** ***

Plaintiffs-counterdefendants Cara Nichols and Cynthia Morris move for partial summary judgment on their declaratory cause of action and on Defendant-counterplaintiff Fireborn Energy, LLC's counterclaim. (DE 45). Plaintiffs also move to strike Defendant's cross-motion for summary judgment. (DE 51). For the reasons stated below, this Court **grants** Plaintiffs' motions **(DE 45 & 51)**.

**I. Factual Background**

The following facts are undisputed.[1] Cara Nichols and Cynthia Morris ("Plaintiffs") are two sisters who live and work in Texas. In September 2017, the sisters inherited mineral interests located in Howard County, Texas upon the passing of their mother. In August 2018, Fireborn Energy, LLC ("Defendant") was introduced to Plaintiffs for the potential sale and marketing of their mineral interests. The parties executed a Mineral Marketing Agreement ("MMA"), on September 25, 2018, which required Defendant to serve as a fiduciary for the Plaintiffs for the selling of their mineral interests. (DE 45-3). The

---

[1] In responding to the motion for partial summary judgment, Defendant largely adopts Plaintiffs' recitation of facts (DE 45-1 at 3-12), clarifying its position on some issues, but otherwise noting it is "generally a fair and comprehensive statement of the uncontested facts to allow the court to consider." (DE 49 at 3).

MMA entitled Defendant to a seven percent (7%) commission on the sale of the minerals to any purchaser introduced by Defendant. (*Id.*, ¶ 5).

The MMA provided for a thirty (30) day primary term, beginning on October 1, 2018 ("the effective date"). During this 30-day term, Defendant (the "Manager") would have the exclusive right to market the minerals ("the properties") to interested parties. (*Id.*, ¶ 14). The term extended so long as there were active negotiations with prospective buyers. The MMA further provided for a one-year tailing provision, which would entitle Defendant to commission so long as an interested party—introduced by the Defendant—made an offer to the Plaintiffs during the term period; however, Defendant would have "[zero] rights" with respect to any buyer *not* introduced to Plaintiffs. (*See* DE 45-4 at 2, DE 45-8 at 24-26).

Defendant introduced Nomad Land and Energy Resources, LLC ("Nomad") as a potential purchaser of the Plaintiffs' mineral interests. On October 3, 2018, Nomad entered into a Purchase Security Agreement (PSA) with Plaintiffs. Under the terms of the PSA, a portion of the mineral interests would be purchased for a price of $1,579,500.00. The effective date—also known as "the Closing Date" in the PSA—was established as November 2, 2018, which is thirty days from the execution of the agreement. (DE 45-6 at ¶¶ 4,6). However, a condition precedent to the agreement was that Nomad was required to supply a certified copy of the title opinion within ten (10) days prior to the closing date. (*Id.*, ¶ 5) Yet, this was not done. Plaintiffs terminated the PSA, on November 2, 2018, alleging that Nomad had failed to timely close as required under the PSA. (DE 45-7).

With regard to Defendant's role in negotiations, Plaintiffs alleged that as of the closing date of the MMA—October 31, 2018—Defendant had not timely divested Plaintiffs' mineral interests. In other words, there were no ongoing negotiations between Defendant and any other prospective buyers at the conclusion of the MMA's primary term. Plaintiffs elected to terminate the MMA after the term ended. (DE 45-9).

On November 12, 2018, subsequent to terminating both the PSA[2] and MMA, Plaintiffs sold their mineral interests to Expedition Royalty Co., LLC ("Expedition"). Plaintiffs argue that communications between them and Expedition commenced several months prior to being introduced to Defendant, and that a first purchase offer actually occurred in July 2018, but Plaintiffs were reluctant to accept as they were "confused and uncertain on how to proceed" in the business, which is why they sought outside help. (DE 45-1 at 1). With respect to Expedition, Plaintiffs allege that Defendant did not introduce them as a prospective purchaser either indirectly or directly. (*Id.* at 3). Defendant concedes that this is true. (DE 49 at 3-4).

Plaintiffs commenced this action on June 25, 2019 against Defendant, seeking Declaratory Relief that the MMA was properly terminated and that no liability is owed to Defendant (Count 1). (DE 1 at 8). Plaintiffs also allege claims for Breach of Fiduciary Duty (Count 2) and Fraud in the Inducement (Count 3). (*Id.* at 8-10). Defendant has counterclaimed for recovery of their commission, seeking $110,565.00, or 7% of the $1,579,500.00 mineral sale price that was stipulated in the parties' agreement between Nomad and Plaintiffs. (DE 7).

In the current motion, Plaintiffs seek partial summary judgment on their declaratory judgment cause of action and on Defendant's counterclaim. (DE 45). Plaintiffs also move to strike Defendant's cross-motion for summary judgment (DE 51) as an improper and late filing. Defendant opposes both motions. (DE 49 & 52).

## II. Legal Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant

---

[2] The issue of the propriety of the Plaintiffs' termination of the PSA was litigated in a state court lawsuit in Howard County, Texas and decided in favor of Plaintiffs. *See* DE 45-19 (December 6, 2019 Order Granting Partial Summary Judgment to Plaintiffs on their Declaratory Cause of Action Against Nomad).

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The moving party has the initial burden of demonstrating the basis for its motion and identifying those parts of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). The movant may satisfy its burden by showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant has satisfied this burden, the nonmoving party must go beyond the pleadings and come forward with specific facts demonstrating the existence of a genuine dispute for trial. Fed. R. Civ. P. 56; *Hall Holding*, 285 F.3d at 424 (citing *Celotex*, 477 U.S. at 324). This is so because "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Celotex*, 477 U.S. at 323-24.

"A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows 'that a reasonable jury could return a verdict for the nonmoving party.'" *Olinger v. Corp. of the President of the Church*, 521 F. Supp. 2d 577, 582 (E.D. Ky. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Stated otherwise, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. When applying the summary judgment standard, the Court must review the facts and draw all reasonable inferences in favor of the nonmoving party. *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001) (citing *Anderson*, 477 U.S. at 255). The nonmovant "must do more than show there is some metaphysical doubt as to the material fact. It must present significant probative evidence in support of its opposition to the motion for summary judgment." *Hall Holding*, 285 F.3d at 424 (internal citations omitted). However, the Court is under "no … duty to search the entire record to

establish that it is bereft of a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 655 (6th Cir. 2001). Rather, "the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *Id.*

Viewing the evidence in the light most favorable to the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52; *Ahlers v. Schebil*, 188 F.3d 365, 369 (6th Cir. 1999).

### III. Analysis

#### a. The MMA was Properly Terminated

Plaintiffs properly terminated the MMA on November 2, 2018. (DE 45-9). The MMA provided for a primary term of thirty (30) days after the effective date of October 1, 2018. Thirty (30) days from the October 1, 2018 effective date was October 31, 2018. Plaintiffs terminated the MMA three days later, on November 2, 2018, after the primary term ended. Apart from Nomad, Defendant did not find Plaintiffs any other prospective purchasers for the mineral interests as required under the MMA. Indeed, Defendant admits that it did not introduce Expedition to Plaintiffs. (DE 49 at 3-4).

Nothing in the contract prevented the MMA from being terminated after 30 days, as long as there were no "negotiations [] underway." (DE 45-3, ¶ 14). Email correspondence between the parties during the negotiation phase and testimony from Defendant's principal, Wesley Cate, does not depict a different understanding. (DE 45-4 at 3-4, DE 45-8 at 9-11). Plaintiffs' election to terminate the MMA was proper since there were no active negotiations during that time with other buyers, and notably, Defendant did not introduce Plaintiffs to Expedition.

### b. Defendant is not Entitled to Commission

Because there is no evidence that Expedition was introduced by the Defendant to the Plaintiffs, Defendant is not entitled to commission. Defendant only introduced Plaintiffs to Nomad. While negotiations were promptly underway during the thirty-day trial period, Nomad did not close and Plaintiffs properly terminated the PSA (*see* DE 45-19). After terminating the MMA and PSA, negotiations between Plaintiffs and Expedition resumed, and Expedition made an offer to which Plaintiffs considered superior to Nomad's offer and accepted. Defendant cites no applicable case law that begs a different result.

To award Defendant commission for a sale it had no role in executing—or commission for a nonexistent sale—would be nonsensical, contrary to the terms of the MMA, and Kentucky contract law. Parties are free to contract as they wish but the court has a duty to interpret the contract as a matter of law. *See generally 3D Enters. Contracting Corp. v. Louisville & Jefferson Cnty. Metro. Sewer Dist.,* 174 S.W.3d 440, 448 (Ky. 2005); *Cantrell Supply, Inc. v. Liberty Mut. Ins. Co.,* 94 S.W.3d 381, 385 (Ky.2002)). While no party has raised the issue of whether an ambiguity exists in the MMA, the Court cannot find one.

### IV. Motion to Strike

Even though Defendant did not move for summary judgment, it urges the Court to "grant judgment in [its] favor" pursuant to Rule 56(f)(1). *See* FED. R. CIV. P. 56(f)(1) ("After giving notice and a reasonable time to respond, the court may: (1) grant summary judgment for a nonmovant[.]"). (DE 49 at 14). Plaintiffs move to strike Defendant's cross-motion for summary judgment (DE 51), arguing that the motion is untimely pursuant to the Court's dispositive motion deadline of April 13, 2020. In its response, Defendant admits that, while it did not move for summary judgment, it asks the Court to use its "discretion' in considering granting the Defendant relief. (DE 52).

As an initial matter, the Court notes that— as a dispositive "motion"—it is roughly one month past the dispositive motion deadline of April 13, 2020 (*see* DE 13); and, as a response, it is one week past the responsive deadline per local rules. *See* LR 7.1(c). But here, notably fatal to Defendant's request for relief is that it is generally prohibited for a party to embed a new motion within a response to an existing motion. Thus, to the extent Defendant *does* seek consideration for summary judgment, the Court must **grant** Plaintiff's request to strike Defendant's cross-motion. **(DE 51)**.

### V. Conclusion

Based on the evidence presented, the Court finds there is no genuine dispute of a material fact. Indeed, the MMA was properly terminated and Defendant is not entitled to commission, and the PSA was properly terminated. While Plaintiffs did contract with Expedition, negotiations resumed after the MMA's primary term ended and Defendant had no role in introducing Expedition to the Plaintiffs. As such, the Court elects not to discuss Plaintiffs' alternative argument regarding the alleged Breach of Defendant's Fiduciary Duty.

For all these reasons, the Court hereby ORDERS that:

1. Plaintiffs' Motion for Partial Summary Judgment on their Declaratory Cause of Action and Defendant's Counterclaim (DE 45) is GRANTED.
2. Plaintiffs' Motion to Strike (DE 51) is GRANTED.
3. This matter is scheduled for a telephonic status conference on **April 7, 2021 at 1:30 p.m.** Counsel shall access the conference by dialing 1-888-684-8852 and entering the access code 6823688.

Dated March 25, 2021



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY